UDDO & TAORMINA CO. *v.* UNITED STATES

No. 7848. Entry No. 765338.

(Decided June 22, 1950)

*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* of counsel); *Brooks & Brooks* and *Martin A. Fromer*, associate counsel; for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Guy Gilbert Ribaudo*, special attorney), for the defendant.

CLINE, Judge: This is an appeal for reappraisement of merchandise described in the invoice as "Roman Pecorino Genuine Cheese (Standard Quality)" imported from Rome, Italy, on March 18, 1948. The following appears on a sheet attached to the invoice:

Gross weight Kg. 1872. 9
Tare_____ 261. 3

Net weight_____ 1611. 6 at $2.00      $3223.20
Discount of 2% for sight cash payment.

> The net weight stated in this invoice at which the goods have been sold at $2.00 includes the 2.50% weight represented by coating.

Entry was made on the basis of 1,571.3 kilos at $2 per kilo, less 2 per centum discount, less nondutiable charges. It was appraised as follows:

> Appraised at $2– plus proportionate part of cost of covering, per kilo of cheese, United States funds. Cost of inedible covering is $2– per kilo of inedible covering, both less 2% discount less NDC marked ⊗.

There is no dispute as to the 2 per centum discount or the nondutiable charges. Entry was made at the export value and it was stipulated at the trial that the foreign value at or about the date of exportation was no higher than the entered unit value.

The only point at issue is the correctness of the addition to the unit value made by the appraiser of the proportionate part of the cost of the inedible covering.

At the trial Frank R. Taormina, one of the partners of Uddo & Taormina Co., the importer of the merchandise, testified that he purchased the cheese involved herein from Henry Scaramelli, agent for the shipper, Societe Romano; that the purchase price was $2 per kilo less a 2 per centum cash discount; that he did not pay anything or any other amount for the inedible covering with which the cheese was coated; that he received offers from others at about the date of exportation at the same price; that the price included inland freight and loading charges in Italy; that when he received 100 kilos of cheese, he paid for that 100 kilos at $2 per kilo; that the 100 kilos included all the covering; that the price of $2 per kilo also included the wooden cases in which the cheese was packed; that he never paid on the weight of the wooden cases; that when the cheese is bought in Italy or sold in this country the price is not broken down into the amount paid for cheese and the amount paid for inedible covering.

Henry Scaramelli testified that, as agent for Societe Romano, he sold the merchandise involved herein to Uddo & Taormina Co.; that the sale was made pursuant to a contract (plaintiff's exhibit 1) for $2 per kilo or $200 per 100 kilos f. o. b. point of shipment, less 2 per centum deduction for cash payment; that he offered the same type of cheese to other customers at the same price; that the price included all packing and charges to the port of exportation in Italy; that the weight of the outside case is never included in the weight of cheese for which the price is $2 per kilo; that the weight is determined before the cheese is packed; that the weight includes everything except the packing; that the inedible covering is on the cheese at the time it is weighed.

Robert P. Goldert, president of Bel Paese Sales Co., Inc., testified that his firm freely offered pecorino romano cheese on behalf of Galbani Melzo in February 1948 at $2 per kilo f. o. b. Genoa; that

the price included the inedible covering, packing, and transportation to the port of embarkation; that when the cheese was bought or sold by weight, the weight included the covering; that the price was never broken down into so much for cheese and so much for covering.

Peter C. Sozzi, an employee of Fontana-Hollywood, testified that his firm offered genuine pecorino romano cheese on behalf of Romano Castelli in February 1948 at $200 per quintal (100 kilos) f. o. b. Italy, less 2 per centum cash discount; that no extra charge was made for the inedible covering, wooden cases, or anything else; that the cheese was bought and paid for on the net weight of the cheese established at the time of packing before shipment; that the weight was the weight of the cheese and the inedible covering before it was placed in the wooden boxes.

In order to understand the nature of the controversy herein, it is necessary to consider previous litigation involving this type of cheese in classification cases. In *Mattia Locatelli New York Branch* v. *United States*, 69 Treas. Dec. 750, T. D. 48284, duty was assessed by the collector at the rate of 35 per centum ad valorem under paragraph 710 of the Tariff Act of 1930, reading as follows:

PAR. 710. Cheese and substitutes therefor, 7 cents per pound, but- not less than 35 per centum ad valorem.

Duty was assessed on a value determined by multiplying the landed weight of the cheese including the packing by the appraised unit of value. It was held that the duty at 35 per centum ad valorem should have been assessed upon the dutiable value obtained by multiplying the appraised unit of value by the net weight of the cheese, less 2½ per centum for the covering, and that when dutiable at 7 cents per pound, the duty should be based upon the net landed weight, less 2½ per centum for the covering. The question was reconsidered and the same decision reached in *Mattia Locatelli* v. *United States*, 72 Treas. Dec. 756, T. D. 49302. Subsequently, in *Bel Paese Sales Co., Inc.* v. *United States*, 15 Cust. Ct. 7, C. D. 932, it appeared that the court had ordered a reliquidation on the basis of the above decisions, but the collector reliquidated the entry "no change." The court held that the reliquidation failed to follow the previous decision and judgment of the court; that duty should have been taken only upon a sum derived from a multiplication of the net weight of the merchandise, less 2½ per centum for tare of nonedible coverings by the entered and appraised unit of value; that the collector may not legally add the *included* cost of inedible covering to the total value of cheese to obtain the dutiable value without first deducting the same. In that case, the merchandise was appraised as entered, but the examiner placed the following red-ink notation upon the invoice:

The appraised unit of value $63 per hundred kilos less 2 percent f. o. b. applies to both cheese and inedible covering (packing).

In the instant case the merchandise was advanced in value and it appears that a value of $2 per kilo was placed on the cheese *per se* and the cost of the inedible covering was found to be $2 per kilo, both less 2 per centum discount and nondutiable charges.

It appears from the record that this merchandise was bought and sold at $2 per kilo upon the basis of the total weight of the cheese and the inedible covering, not on the basis of the net weight of the cheese alone without regard to the weight of the covering. In other words, for $2, the purchaser received 97½ per centum of cheese and 2½ per centum of covering. Therefore, the price of 1 kilo of cheese (with the necessary covering included) would be $2.05128.

Duty must be assessed on both the cheese and the covering, but may not be taken on any part of either twice, and the weight of the goods actually imported must be taken as a basis of computing the duty. *Kraft-Phenix Cheese Corp.* v. *United States*, 68 Treas. Dec. 487, T. D. 47955. In the instant case were the weight of the cheese alone multiplied by a unit of value of $2 per kilo, no duty would be assessed upon the covering.

Section 402 (d) of the Tariff Act of 1930 defines export value as follows:

The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, *plus, when not included in such price, the cost of all containers and coverings of whatever nature,* and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States. [Emphasis supplied.]

Since the price of $2 per kilo was for the cheese and the covering together, where a value is found for the cheese alone, the cost of the covering must be added. The dutiable value of this merchandise is therefore either $2.05128 per kilo of cheese (with the covering included) or, as found by the appraiser, $2 per kilo of cheese plus $2 per kilo of covering, less 2 per centum discount for cash, less nondutiable charges.

On the record herein, I find as matter of fact:

1. That the merchandise the subject of this appeal for reappraisement consists of romano pecorino cheese exported from Italy on or about February 27, 1948.

2. That the merchandise was appraised as follows:

Appraised at $2 plus proportionate part of cost of covering, per kilo of cheese, United States funds. Cost of inedible covering is $2 per kilo of inedible covering, both less 2% discount less NDC marked Ⓧ.

3. That on or about the date of exportation of this merchandise, such or similar romano pecorino cheese was freely offered for sale to

all purchasers in the principal markets of Italy in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States at $2 per kilo upon the basis of the total weight of the cheese and the inedible covering, less 2 per centum discount for cash.

4. That the foreign value was no higher.

I hold as matter of law:

1. That the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved.

2. That such export value is $2 per kilo on the net weight of the cheese (without the inedible covering) plus $2 per kilo of inedible covering, less 2 per centum discount for cash, less nondutiable charges.

Judgment will be rendered accordingly.